On October 30, 1985, we rendered an opinion in Littleton v.Gold Kist, Inc., [1985] 480 So.2d 1236 (Ala.Civ.App. 1985), reversing and remanding the finding of the trial court that Littleton (claimant) had suffered a permanent partial disability impairment of three percent, which translates into a three percent loss of his ability to earn. We stated in this opinion:
 "Recognizing the limits of our standard of review in workmen's compensation cases, we have diligently searched the record for support of the court's finding. The finding that a percentage of disability of the body translates into an equivalent percentage of the loss of ability to earn, in this case, is not supported by the evidence and, in fact, is contrary to the evidence. Our courts have said that the criteria for determining permanent partial disability for the purpose of compensation are not controlled by a finding of physical disability of the body as a whole. Such physical disability may be involved, but not necessarily or exclusively so. Goodyear Tire Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278
(1957); B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37 (1971). The applicable statute itself provides that the benefits, in cases where there is evidence of average weekly earnings before and after injury, are determined by the difference between such earnings. § 25-5-57 (a)(3)(g), Code of Alabama 1975. Our courts have also recognized that in some injuries such difference in earnings may not accurately indicate loss of earning capacity. Goodyear Tire Rubber Co. v. Downey, supra.
 "In this case there was evidence of earnings before and after injury. There was expert testimony as to claimant's employability after having pervious back injury and corrective surgery. There was testimony of claimant's inability to drive a truck or to lift the heavy containers of chicks, both of which were necessary in his previous employment with Gold Kist. The evidence, as related, was the only material evidence in the record bearing upon claimant's loss of ability to earn in the area of employment for which he was experienced. For these reasons we find the judgment as to the finding of loss of ability to earn must be reversed. We remand to the trial court that aspect for proper determination of loss of ability to earn and determination of benefits due."
The trial court, without prior notice to counsel and without conducting further proceedings, revised the workmen's compensation judgment by entering a judgment on remand, which found that Littleton had suffered a "five percent permanent partial loss of ability to earn as a result of the injury in question."
Gold Kist (employer) contends that there was ample evidence to support the trial court's finding that the employee suffered a five percent permanent partial loss of ability to earn. The employer also argues that the trial judge has the discretion to assess the credibility of witnesses, and, in this case, the trial judge did not believe the testimony of certain witnesses and completely disregarded their testimony. Finally, the employer contends that under § 25-5-57 (a)(3)(g), Code of Alabama 1975, the presumption of comparing wages to *Page 1182 
determine loss of earning capacity can be rebutted by other evidence.
The claimant contends that the trial court's finding was not supported by any legal evidence.
We recognize that in a workmen's compensation case our inquiry is limited to a determination of whether there is any legal evidence to support the findings of the trial court. B.F.Goodrich Co. v. Campbell, 445 So.2d 920 (Ala.Civ.App. 1984). We also recognize that the trial court is not bound by the opinion of expert witnesses. Clark Lumber Co. v. Thornton,360 So.2d 1019 (Ala.Civ.App. 1978). However, the trial court may not fail to consider legal evidence in making its determination.Armstrong v. Lewis Associates Construction Co., 451 So.2d 332
(Ala.Civ.App. 1984); Albertville Nursing Home v. Upton,383 So.2d 544 (Ala.Civ.App. 1980).
There is no legal evidence to support the trial court's finding that Littleton suffered a five percent permanent partial loss of ability to earn anymore than there was to support the original judgment of a three percent loss. We hold that this determination is, in fact, contrary to the evidence. The evidence reveals that claimant earned $5.17 per hour while working at Gold Kist and that he was earning minimum wage as a cashier prior to trial. The record further reveals that for claimant to perform his job duties at Gold Kist, he would be required to bend and squat and was required to lift 100 to 150 pounds on a frequent basis. Dr. Brackin, the claimant's physician, recommended that Littleton not lift over 100 pounds on a frequent basis. Therefore, the claimant was unable to continue his work at Gold Kist. The evidence also reveals that after the injury claimant attempted to perform manual labor at two jobs, but due to his back injury he was unable to adequately perform his job duties. Dr. Crunk, a vocational rehabilitation expert, testified that claimant had sustained a vocational disability rating ranging between thirty-seven percent and forty-two percent. In Dr. Crunk's opinion, Littleton was relegated to doing entry level type work at minimum wage and was unemployable in his field of employment at the time of injury.
The judgment after remand does not contain any findings of fact relative to a five percent permanent partial loss of ability to earn. We are unable to determine from the judgment whether the trial judge disregarded the testimony of the claimant and Dr. Crunk (as the employer contends he did). It is the duty of the trial court to set forth sufficient findings of fact in support of its decision. The trial court failed to do so in its judgment on remand. Furthermore, we have stated that the trier of fact may not completely disregard evidence and render judgment contrary thereto. Armstrong v. Lewis Associates Construction Co., supra.
We answered the employer's last contention in our previous opinion. Therefore, we see no need for further discussion of this last contention.
In summary, we hold the judgment finding of a five percent loss of ability to earn must be reversed. We once again remand to the trial court for a proper determination of loss of ability to earn and determination of benefits due consistent with the evidence introduced or which may be introduced. We note that no issue was presented on appeal concerning the propriety of the summary rendering of judgment on remand without notice to the parties.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 1183