This is a workmen's compensation case.
Anthony Brizendine (employee) brought this action to recover benefits from Mead Paper Company (employer) for a back injury that resulted from an on-the-job fall.
After an ore tenus proceeding, the trial court found that the employee was permanently, totally disabled based on his inability to obtain gainful employment. The employer appeals.
In the past, our review in workmen's compensation cases has been limited to finding whether any legal evidence exists to support the trial court's finding of fact. Cook Transports,Inc. v. Beavers, 528 So.2d 875 (Ala.Civ.App. 1988); Wilson v.William Wilson Co., 537 So.2d 930 (Ala.Civ.App. 1988). In the past it was not this court's function to weigh the evidence concerning any fact found by the trial court. Fordham v.Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.),cert. denied, 387 So.2d 206 (Ala. 1980). However, the most recent Alabama Supreme Court decision on the subject appears to have established a slightly broader standard. Under Ex partePatterson, 561 So.2d 236 (Ala. 1990), this court must apply a reasonable view of the legal evidence to determine whether it supports the trial court's findings of fact. If the findings of fact are thus supported, this court must determine whether the correct legal conclusions were drawn therefrom. Patterson.
The record reveals the following pertinent facts: On May 14, 1988 Brizendine was employed as a front-end loader for Mead Paper Company. That day he suffered a twelve-foot fall when the grating he was standing on collapsed. The employer *Page 573 
received immediate notice of the accident and Brizendine was taken to the emergency room of a nearby hospital. He was released that day and referred to Dr. Stanley Payne, an orthopedic surgeon. Dr. Payne treated Brizendine with medication for several months, then performed surgery to remove two disks from his back.
After several months of physical therapy, Dr. Payne gave Brizendine permission to return to work on November 2, 1988. Dr. Payne advised Brizendine not to lift over forty pounds and to work no more than six hours a day.
Brizendine did not return to work and sought a second opinion from Dr. George Buckner, who treated Brizendine until December 22, 1989. At that time, Dr. Buckner considered Brizendine to be at maximum medical improvement and assigned a twenty percent permanent partial impairment to the body as a whole. Dr. Buckner stated that Brizendine would not be able to return to heavy labor or any work that involved repetitive bending, climbing, or stooping.
While under the care of Dr. Buckner, Brizendine also consulted with Dr. Gilbert Aust. Dr. Aust continued to treat Brizendine after Dr. Buckner released him. Dr. Aust ordered a functional capacities examination performed to determine what level of work would be appropriate for the patient. The test indicated that, with retraining, Brizendine would be qualified for a medium-work classification. However, Brizendine continued to complain of constant pain and reported that he was unable to sit, stand, or lie down for any length of time.
The employer argues that the trial court erred in failing to find as a fact that Brizendine was incapable of being retrained for gainful employment. In so arguing, the employer first questions the test by which a permanent, total disability is found.
To find that such a disability exists, Alabama courts have followed a test that was first set out in 1958: A permanent total disability is not necessarily total physical disablement; rather, it is the inability to return to one's tradeor the inability to find gainful employment. Brunson MillingCo. v. Grimes, 267 Ala. 395, 103 So.2d 315 (1958). This test is extremely well settled; it has been applied in virtually every case of this type since 1958. See Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (Ala. 1968); Bradley v. Nelson, 507 So.2d 958
(Ala.Civ.App. 1987); B.F. Goodrich Co. v. Butler, 56 Ala. App. 635, 324 So.2d 776 (Ala.Civ.App.), cert. denied, 295 Ala. 401, 324 So.2d 788 (Ala. 1976); Dale Motels, Inc. v. Crittenden,50 Ala. App. 251, 278 So.2d 370 (Ala.Civ.App. 1973).
The employer contends that this test is disjunctive; that is, that the test requires that the employee either be unable to return to his trade or be unable to find gainful employment, but not both. The employer reasons that under the disjunctive language of this test, the court may find that an employee is permanently, totally disabled without ever even reaching the issue of job retraining.
The employer argues that the disjunctive language of the test is wholly inconsistent with the definition of permanent total disability set out in § 25-5-57(a)(4)d of the Workmen's Compensation Act of Alabama. That section defines such a disability as: "[A]ny physical injury or mental impairment resulting from an accident, which . . . permanently and totallyincapacitates the employee from working at and being retrainedfor gainful employment. . . ." § 25-5-57(a)(4)d, Code 1975 (emphasis added). This definition forms the "sole basis on which an award of permanent total disability may be based." §25-5-57(a)(4)d (emphasis added).
The employer argues that the two-part definition contained in the statute is actually a two-pronged, conjunctivetest. This statutory "test," the employer contends, must be the "sole basis" for deciding this case. The employer argues that the conjunctive language of the statute has been improperly replaced with the "disjunctive" language of the Brunson test in cases of this type.
We do not find that the test established by case law has replaced the statute. In *Page 574 
its argument, the employer has focused solely on thelanguage of Brunson, while ignoring the way in which it has been applied.
On its face, the Brunson test does seem disjunctive; the word "or" placed between the two clauses of the test is unfortunate. However, a review of Brunson's numerous progeny reveals that the test has not been applied disjunctively. In the many cases which cite the test, the court invariably addresses both parts of it. If, as the employer here argues, the test is "either-or", then the courts in these cases would surely have stopped their inquiry once they found that an employee was unable to continue his trade. This simply has not happened. Our courts have never used the Brunson test to find that an employee is permanently, totally disabled merely because he cannot return to the trade he plied before the injury. Rather, the reviewing court has invariably gone on to examine the issue of the employee's retraining for "other gainful employment."See Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App. 1988);City of Muscle Shoals v. Davis, 406 So.2d 919 (Ala.Civ.App.),writ denied, 406 So.2d 923 (Ala. 1981); Carroll Constr. Co. v.Hutcheson, 347 So.2d 527 (Ala.Civ.App. 1977).
The question of whether an employee can return to his former trade is basically a threshold issue; if the employee can resume his trade then it is obvious that he is not permanently, totally disabled, and the court need inquire no further. If he is unable to return to his trade, then § 25-5-57 requires the court to find that other employment is unavailable and retraining is not feasible. This is what the courts in this state have done, using the Brunson test to guide their efforts.
The Brunson test has been applied conjunctively and, for the sake of clarity, should be read conjunctively. Therefore, we find that a permanent, total disability is the inability to perform one's trade and the inability to find gainful employment. The search for gainful employment includes retraining for another job; moreover, a person cannot refuse to be retrained if he or she is a proper candidate for retraining. § 25-5-57(a)(4)d.
We are mindful of Bankhead Forest Indus. v. Lovett,423 So.2d 899 (Ala.Civ.App. 1982), wherein this court refused the opportunity to replace "or" with "and" in the Brunson test. There, as in the present case, the employer argued that the test should be made conjunctive to conform with the statute. There the employer sought to deny benefits to a general lumberyard worker injured on the job, because the job was not a "trade" in the ordinary sense of the word. We maintained the disjunctive form of the test so that employees would not have to prove that their former job was a "trade".
The meaning of "trade" as found in the Brunson test is irrelevant. Workmen's compensation benefits are not reserved for tradespeople; such benefits are available to both skilled and unskilled workers. The test merely asks whether the employee is able to go back to the kind of work he did before the injury and, if he cannot, whether other gainful employment and retraining are possible for him. The test has been interpreted this way for over thirty years. By changing its form to the conjunctive we do not intend to alter this interpretation.
Having set out the proper test for permanent total disability, we now apply it to the case at bar. It is apparent from the record that the employee cannot return to his former job, which requires heavy lifting and constant physical movement beyond his present capabilities. The disputed issue is Brizendine's fitness for other gainful employment.
The employer contends that the trial court erred in failing to make a specific finding concerning Brizendine's employment potential.
As the employer points out, in workmen's compensation cases, the trial court has a duty to make a finding of fact on each issue presented and litigated before the court. The failure of the trial court to include the specific issue of fact raised requires that the case be reversed. Pinkney v. James B. Clow Sons, Inc., 277 Ala. 648, 173 So.2d 811 (1965). *Page 575 
However, the trial court is not required to make aspecific finding that the worker cannot be retrained for gainful employment. Such a finding is implicit when the trial court concludes that the employee is totally, permanently disabled. Thompson and Company Contractors v. Cole,391 So.2d 1042 (Ala.Civ.App. 1980). This finding must, of course, be supported by the evidence; otherwise the judgment cannot stand.Thompson; Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204 (1955).
At trial, two vocational rehabilitation experts, Mr. Mike Staff and Ms. Marilyn Oakes, gave conflicting testimony concerning Brizendine's employment future. The experts agreed that the job market and Brizendine's level of intelligence do not hinder his potential. However, Mr. Staff found that Brizendine's continued pain would prevent him from working at any job which required sitting or standing in one position for an extended period of time. With this in mind, Mr. Staff found Brizendine one hundred percent disabled. Ms. Oakes testified that Brizendine had only a forty-nine percent employment disability, but admitted that she did not factor Brizendine's pain into the calculation.
The very existence of this pain was controverted by the expert medical testimony presented at trial. In its final judgment, the trial court specifically described its own careful observation of Brizendine during the proceedings. Based on its own impressions, as well as the medical evidence, the trial court found that Brizendine's pain is genuine and is permanently debilitating.
In arriving at its judgment in a workmen's compensation case, the trial court may consider its own observations and interpret the evidence according to its own best judgment. Grumm v.Neptune Meter Co., 472 So.2d 1067 (Ala.Civ.App. 1985). Where the evidence presented is conflicting, the resolution of the conflict rests with the trial court. Genpak Corp.
We find that there is legal evidence to support the trial court's finding of permanent total disability. Brizendine testified at trial that he cannot remain in any one position for more than moments at a time, and the trial court's own observations affirmed this. The record shows that, while retraining and employment might be available to Brizendine, it is not feasible for him due to his continuing pain. A reasonable view of this evidence bears out the court's finding that Brizendine is permanently, totally disabled. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.