L. CHARLES WRIGHT, Retired Appellate Judge.
Troy Harris filed a complaint for workmen’s compensation benefits in the Circuit Court of Marion County against TAJ-Rack Division, Inc., alleging that he was owed benefits for a work-related injury. Following an oral proceeding, the trial court found Harris to be totally and permanently disabled. TAJ-Rack appeals.
The record reflects that on January 25, 1989 Harris was setting up rolling mills, carrying a 75- to 100-pound piece of metal, when he slipped on an oil spill. Harris fell to the floor, injuring his back. He testified that he was dazed and that he had pain down both his legs and a terrible headache.
Harris testified that he has been in constant pain since the accident. At the time *1063 of the hearing he was also experiencing kidney problems. He testified that he could not sleep because of the pain. Until recently he had taken numerous types of drugs in an attempt to control the pain. He testified that he was an avid hunter but that he could no longer enjoy that activity. His household duties have been greatly curtailed since the accident.
At the time of the hearing Harris was 36 years old with a high school education. His prior work history consists solely of manual labor.
Harris was initially examined by Kenneth Knight, a chiropractor. Knight’s initial diagnosis was that of “a grade two lumbosacral strain-sprain with associated paraspinal myospasms and lumbar disc syndrome.” There was also soft tissue injury. He testified that Harris’s prognosis for recovering from the injury was poor. He opined that the “basic problem is that the amount of traumatic insult in this case has exceeded his capacity to repair.” Knight stated that the injury and the resulting pain were permanent and that there was nothing else he could do to help Harris.
Dr. David Reynolds Longmire, a neurologist, examined Harris and stated that his examination did not reveal any permanent damage to the spinal cord or the spinal nerve roots. He diagnosed Harris as having:
“(1): Recurrent severe paraspinal muscle spasm.
“(2): Minimal irritation in the L5-S1 nerve root on the left without evidence of clear cut radiculopathy or nerve root or spinal cord damage.
“(3): Antalgic posture and gait.
“(4): History of bowel and bladder dysfunction due to exacerbation of earlier symptoms sustained in a recent fall when his leg ‘gave out.’
“(5): The development of a potential conversion reaction contributing to the patient’s current clinical condition.”
At the time of the examination, he did not feel that “any reasonable employer would feel comfortable in providing gainful employment to this patient.” He noted that “his abnormal stance, posture and movements could provide sufficient risk to an employer, to the patient or to co-workers, should he fall again at any new work place.” He emphasized that the “potential for falling and having additional reinjuries is significant, regardless of whether this is related to pain, spasm or the distraction provided by either of those, or by any development of a conversion reaction.”
Dr. Lloyd Chesney Dyas, an orthopedic surgeon, examined Harris at the request of Knight. Dr. Dyas initially diagnosed Harris’s complaint as sciatica. When questioned about Harris’s ultimate diagnosis, Dr. Dyas stated that he “did not have an accurate or objective diagnosis.” He testified, however, that Harris’s prognosis was “poor.” The prognosis was not based on any medical phenomenon, but rather on Harris’s failure to improve in such an extended period of time.
In finding Harris to be permanently and totally disabled, the trial court made the following finding:
“1. ... the plaintiff completed the twelfth grade; plaintiff has no special skills or technical training; his employment training and history is that of a manual laborer, and he is not now trained or suited for any other type of work or employment.
[[Image here]]
“3. Plaintiff Harris was totally and permanently disabled as the result of an accident, above-described, arising out of and in the course of his said employment with defendant; because of said injury, and plaintiff’s education and training, he is unable to perform work of his trade or obtain reasonably gainful employment, resulting in his permanent and total loss of ability to earn; said injury permanently and totally incapacitates plaintiff from working at and being retrained for gainful employment.”
TAJ-Rack insists that no reasonable view of the evidence supports the trial court’s finding of permanent and total disability. It specifically contends that the evidence does not support the trial court’s *1064 finding that Harris cannot be retrained for gainful employment.
The test for permanent total disability is the inability to perform one’s trade and the inability to find gainful employment. Mead Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990). Total disability does not mean entire physical disability or absolute helplessness. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). It is the duty of the trial court to make some determination as to the extent of disability. Genpak. The trial court is not bound by expert testimony. Gen-pak. In making the determination, the court must consider all of the evidence, including its own observations, and interpret it to its own best judgment. Genpak.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
We find that there is legal evidence to support the trial court’s finding of permanent total disability. There is evidence in the record that because of pain Harris is unable to seek gainful employment or even do menial tasks around home. While retraining and employment might be available to Harris, it is not feasible for him due to his continuing pain.
The contention of TAJ-Rack that because there was no positive, discernible, objective medical evidence of a physical injury or deformity there can be no reasonable finding of permanent total disability is not acceptable. The trial court heard the medical experts. It also heard and saw the claimant. It is the trier of fact and the only judge of the weight of what it heard and saw. This court is not permitted to determine whether the trial judge gave the proper weight to any of the evidence. Genpak. We merely examine the record to determine if the conclusion of the trial judge is reasonably supported by legal evidence. We find such support in this case. Ex parte Eastwood Foods, Inc.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(ej, Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.