This is a workmen's compensation case.
Marlene Ellenburg was employed by Universal Forest Products (Universal). She contended that while working on July 13, 1988, she felt a pain in her back as she pulled a box of materials. She did not seek medical attention at that time, and she continued to work. The following day, Ellenburg slipped at work, but she did not seek medical attention until July 30, 1988, when she was seen by a physician, and complained of back pain. Following examination and conservative treatment, Ellenburg was subsequently hospitalized and received follow-up care from two physicians. Ellenburg was released to return to work in September 1988, by one physician, and in November 1988, by the other physician. Both physicians stated that she suffered no permanent injury. Ellenburg returned to light-duty work in November 1988, for two weeks, and then resumed regular duties. She was ultimately laid off from work in February 1989.
Ellenburg sued for workmen's compensation benefits in October 1989, alleging permanent injuries to her back, legs, and neck, and alleging pain and mental suffering. Following the presentation of ore tenus evidence, the trial court found, inter alia, that Ellenburg had sustained two permanent injuries resulting from separate accidents while at work, and that she suffered a 50% permanent partial disability and loss of earning capacity from those accidents. The trial court awarded Ellenburg temporary total disability benefits for 17 weeks, and permanent partial disability benefits for 383 weeks. Universal appeals.
Universal contends on appeal that the trial court erred in finding a 50% permanent partial *Page 397 
disability, and that the duration and amount of benefits awarded are excessive. Universal also claims that the trial court improperly ordered Universal to pay Ellenburg's vocational expert, that Ellenburg's attorney's fees should be reduced to present value, and that Ellenburg's medical expenses were unreasonable.
In workmen's compensation cases, we use a two-step standard of review. Initially, we must determine if there is any legal evidence to support the trial court's findings. If such evidence is found, then we determine whether any reasonable view of that evidence supports the trial court's judgment.Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
The dispositive issue on appeal is whether the trial court erred in finding that Ellenburg suffered a permanent partial disability. A trial court is not bound by the testimony of expert witnesses, even when that testimony is uncontroverted.Patrick v. Femco Southeast, Inc., 565 So.2d 644 (Ala.Civ.App. 1990). The trial court, however, may not fail to consider legal evidence in making its determination. Littleton v. Gold Kist,Inc., 485 So.2d 1180 (Ala.Civ.App. 1986). The trial court found that Ellenburg sustained a 50% permanent partial disability, despite the statements of two physicians that Ellenburg was not permanently disabled.
The trial court apparently relied upon the testimony of Ellenburg's vocational counselor in finding that a permanent disability existed; however, we note that the vocational counselor assigned Ellenburg a 43% disability rating. Further, Universal persuasively argues that the vocational counselor's 43% disability rating was based on the mistaken assumption that Ellenburg's work restrictions were permanent.
Under the Eastwood standard, this court must determine if any evidence exists to support the trial court's finding, and our review reveals that such evidence exists. We base this conclusion on the vocational therapist's testimony and Ellenburg's own testimony that she suffered pain. We must next determine whether a reasonable view of that evidence supports the trial court's judgment. Two physicians stated that Ellenburg's injuries were not permanent; the neurologist's opinion was that Ellenburg was malingering. Ellenburg's vocational counselor stated that Ellenburg sustained a 43% vocational disability. The record, however, reveals the following testimony:
 "Q: (attorney for Universal): She [Ellenburg] wouldn't have any [vocational disability] at all if she has no restrictions or impairment from any of the physicians[?]
 "A: (vocational counselor): If [the doctor] said she had no restrictions and could return to work to her regular duty then she would have no restrictions, she would have no vocational disability.
"Q: She would have zero vocational disability?
"A: Right."
Careful examination of the evidence discloses that no reasonable view of the record evidence supports the trial court's judgment that Ellenburg sustained a permanent disability. We therefore reverse that portion of the trial court's judgment.
Universal also argues that the trial court erred in requiring that Universal pay the cost of Ellenburg's vocational counselor, citing Hartley v. Alabama National Bank ofMontgomery, 247 Ala. 651, 25 So.2d 680 (1946), to support its contention that compensation of expert witnesses cannot be taxed against parties. We find authority for taxing costs in workmen's compensation cases in Ala. Code 1975, § 25-5-89, which states: "Costs may be awarded by said court in its discretion, and, when so awarded, the same costs shall be allowed, taxed and collected as for like services and proceedings in civil cases." Taxing of costs is a matter within the trial court's discretion and we find no abuse of that discretion here. SeeB.F. Goodrich Co. v. Campbell, 445 So.2d 920 (Ala.Civ.App. 1984); Godwin v. Scott Paper Co., 571 So.2d 1126
(Ala.Civ.App. 1990).
Our determination that Ellenburg sustained no permanent disability upon which an award could be based effectively reverses that portion of the judgment regarding the attorney's fee based on future benefits. The judgment of the trial court pertaining to *Page 398 
Ellenburg's disability claim is reversed and the case remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.