We granted each party's petition for certiorari review in this workers' compensation case. The Court of Civil Appeals reversed that portion of the trial court's award of benefits to the employee that had been based on a finding that the employee, Marlene Ellenburg, had suffered a 50% permanent disability as a result of an injury occurring on *Page 399 
the job.[1] The Court of Civil Appeals affirmed that portion of the trial court's judgment ordering the employer, Universal Forest Products, to pay the expenses of the employee's expert witness, a vocational expert.
The Court of Civil Appeals held that there was evidence to support the trial court's factual finding of a 50% permanent disability, but that no reasonable view of the evidence supported that portion of the trial court's judgment awarding "permanent" disability benefits. The Court of Civil Appeals stated: "The trial court found that Ellenburg sustained a 50% permanent partial disability, despite the statements of two physicians that Ellenburg was not permanently disabled."Universal Forest Products v. Ellenburg, 627 So.2d 395
(Ala.Civ.App. 1992). (Emphasis added.) The inference in this holding is that without positive expert testimony of a permanent disability the court cannot find the employee to be permanently disabled.
Ellenburg contends that the trial court is not limited solely to an expert witness's testimony as to the permanency of the disability, but that it must weigh all the evidence in deciding the question of the extent of any disability. She argues that the review by the Court of Civil Appeals exceeded the scope of review allowed by Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991), which sets forth a two-step standard of review:
 "The standard of appellate review in workmen's compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Id. at 93. We agree with the employee that the Eastwood
standard does not require positive expert testimony concerning disability in order for the employee to be found to be disabled.
It is settled law that a trial court in a workers' compensation case may make a finding of permanent total or partial disability without even receiving expert testimony.Stewart v. Busby, 51 Ala. App. 242, 284 So.2d 269 (1973);Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899
(Ala.Civ.App. 1982). The reasoning behind this rule is stated inStewart v. Busby, quoting 3 Larson, Law of Workmen'sCompensation, § 79.83, as follows:
 " 'In arriving at the rule permitting awards in the absence or even in contradiction of medical testimony, two underlying reasons may be discerned: The first is that lay testimony, including that of claimant himself, is of probative value in establishing such simple matters as the existence and location of pain, the sequence of events leading to the compensable condition, and the actual ability or inability of claimant to perform his work; . . .'
 "Clearly, such a determination is not just a medical question, but is a complex concept involving several combinations of questions as to the claimant's inability to perform his job, and inability to get suitable work."
51 Ala. App. at 246, 284 So.2d, at 273.
It is further settled that the trial court's findings on disputed evidence in a workers' compensation case are conclusive. As the Court of Civil Appeals said in McKenzie v.American Bread Co. of Alabama, 579 So.2d 667, 670
(Ala.Civ.App. 1991):
 "In a workmen's compensation case a review of the weight or preponderance of the evidence is not properly before this court; rather, we may only inquire whether any legal evidence supports the trial court's findings, and the trial court's findings are conclusive where the testimony is conflicting. Suit v. Hudson Metals, Inc., 414 So.2d 115 (Ala.Civ.App. 1982)."
In the present case, there is lay testimony and there was medical evidence, in the form of medical records, to support the finding of *Page 400 
the trial court. The vocational counselor, who found that a permanent disability existed, assigned Ellenburg a 43% disability rating.
For the reasons stated above, that portion of the judgment of the Court of Civil Appeals reversing the award of "permanent" disability benefits is due to be reversed and the trial court's award of benefits based on a 50% permanent partial disability is due to be reinstated.
We next consider the employer's contention that the Court of Civil Appeals erred in affirming the trial court's order requiring the employer to pay the fee of the employee's vocational expert. The Court of Civil Appeals wrote:
 "We find authority for taxing costs in workmen's compensation cases in Ala. Code 1975, § 25-5-89, which states: 'Costs may be awarded by said court in its discretion, and, when so awarded, the same costs shall be allowed, taxed and collected as for like services and proceedings in civil cases.' Taxing of costs is a matter within the trial court's discretion and we find no abuse of that discretion here."
627 So.2d at 397. There is no showing of abuse of discretion, and the holding of the Court of Civil Appeals is due to be affirmed on the authority of Littleton v. Gold Kist, Inc.,480 So.2d 1236, 1238 (Ala.Civ.App. 1985):
 "According to §§ 25-5-89 and 12-21-144, Code 1975, the taxing of costs in a [workers' compensation] case is within the discretion of the trial court, subject to the guideline of Rule 54(d), A.R.Civ.P. B.F. Goodrich [Co.] v. Campbell, 445 So.2d 920 (Ala.Civ.App. 1984)."
That portion of the judgment of the Court of Civil Appeals reversing the award of permanent disability benefits is reversed and the case is remanded for the entry of a judgment affirming the award of benefits based on the finding of a 50% permanent partial disability; that portion of the judgment affirming the award of an expert witness fee is affirmed.
1920453 — REVERSED AND REMANDED.
1920454 — AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., concurs in part and dissents in part.
[1] The trial judge awarded Ellenburg temporary total disability benefits for 17 weeks and permanent partial disability benefits for 383 weeks.