693 So.2d 530 (1997)
MUTUAL SAVINGS LIFE INSURANCE COMPANY
v.
Horace Dale HOGUE.
2950671.
Court of Civil Appeals of Alabama.
April 11, 1997.
*531 David K. Howard of Howard & Kelley, L.L.C., Florence, for appellant.
Jon B. Terry of Bains & Terry, Bessemer, for appellee.
THOMPSON, Judge.
This is a workers' compensation case.
Horace Dale Hogue sued Mutual Savings Life Insurance Company (Mutual Savings) on December 8, 1994, for workers' compensation benefits based on an injury suffered to his back following an on-the-job accident. The accident occurred on or about January 27, 1993. Following a bench trial, the court entered a judgment in favor of Hogue, finding that he had suffered a 100% loss of ability to earn.
Mutual Savings appeals, contending that the trial court erred in finding Hogue 100% vocationally disabled. It argues that the trial court's award is not supported by substantial evidence.
The review of this case is governed by the new Workers' Compensation Act. That Act sets forth the appellate standard of review pertaining to workers' compensation cases, at § 25-5-81(e), Ala.Code 1975:
"(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
"(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
The Supreme Court has interpreted "substantial evidence" as follows:
"[t]his Court has defined the term `substantial evidence,' as it is used in § 12-21-12(d), to mean `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"
Ex Parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989)).
Dr. Claude Peacock, a vocational expert, determined that Hogue was 100% disabled and could not return to his job. This testimony was supported by the testimony of Hogue as to his medical condition, his current medications, and surgical procedures he had undergone. Mutual Savings presented evidence to refute this testimony, including a finding by Dr. Mary House Kessler, a vocational specialist, that Hogue had a vocational disability rating of approximately 30%.
We recognize that there is a presumption of correctness in favor of the trial judge regarding findings of fact, including the determination of disability. "Where evidence is presented to the trial court ore tenus, the court's findings of fact based on that evidence are presumed correct and will not be disturbed on appeal unless they are clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence." Jasper City Council v. Woods, 647 So.2d 723, 726 (Ala.1994). In the trial court's final order, the judge determined Hogue to be permanently and totally disabled and yet recommended that Hogue undergo vocational training at the expense of Mutual Savings.
We agree with the argument advanced by Mutual Savings that the trial judge's order was inconsistent because it contained a finding that Hogue was permanently and totally disabled and also a recommendation that he undergo vocational training at the expense of Mutual Savings to restore him to employability.
Section 25-5-57(a)(4)d., Ala.Code 1975, defines a permanent total disability as including "any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being *532 retrained for gainful employment." The statute clearly requires that a court apply a two-pronged test in determining whether a permanent total disability exists. The claimant must be found to be incapable of returning to his trade, as well as incapable of being retrained for gainful employment. Id.
In Mead Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990), the employee argued that this test was disjunctive. The employee contended that in order to qualify as having a permanent, total disability, the employee must "either be unable to return to his trade, or be unable to find gainful employment but not both." Id. at 573. The Mead Paper Co. court rejected this argument as being contrary to the plain language contained in the statute. For a disability to be classified as permanent, § 25-5-57(a)(4)d., Ala.Code, 1975, clearly requires that the impairment be one that "permanently and totally incapacitates the employee from working at and being retrained for gainful employment." The Mead Paper Co. court stated that the issue whether an employee can return to a former trade is a threshold issue. Id at 574. If the employee is able to resume his or her former trade, that employee is not permanently and totally disabled and the court is not required to investigate further. Id. In the event the employee cannot resume his former trade, then § 25-5-57 requires the court to make findings that other employment is unavailable and that retraining is not feasible, as prerequistes for a determination of permanent, total disability. Id.
This court reversed a finding of permanent total disability in Red Mountain Constr. Co. v. Neely, 627 So.2d 931 (Ala.Civ.App.1992), when "[t]he trial court's order stated that `[t]he Court was not presented with any clear evidence as to the existence of any accommodations that may be available to [Neely] or as to any rehabilitation and/or retraining program that might enable [Neely] to become employable.'" Id. at 935. Because of the lack of this evidence, the trial court in Red Mountain Constr. retained jurisdiction of Neely's "`rehabilitation rights and/or retraining.'" Id. Reversing the trial court's finding in Red Mountain Constr., this court stated finding a permanent total disability was inconsistent with retaining jurisdiction of the claimant's rehabilitation and retraining. Id.
Similar circumstances are before us in this case. The trial judge's final order made a determination of permanent total disability and recommended vocational retraining. Applying § 25-5-57(a)(4)d., Ala.Code 1975, and the case law thereunder, we conclude that if Hogue is capable of vocational retraining, the trial court order is inconsistent.
Therefore, we reverse the judgment and remand this case for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
CRAWLEY, J., concurs.
YATES and MONROE, JJ., concur specially.
ROBERTSON, P.J., dissents.
MONROE, Judge, concurring specially.
I concur with the understanding that this cause is being remanded for the trial court to determine whether Hogue is permanently and totally disabled or whether he is capable of rehabilitation and vocational retraining.
YATES, J., concurs.