THOMPSON, Judge.
This workers’ compensation case was originally assigned to a former judge on this court and was recently reassigned.
Kerry Kiraeofe received second- and third-degree burns to his left arm and the left side of his face and chest on October 21, 1993, while working as an instrument fitter for BE & K Construction Company. Kiraeofe underwent skin grafts and experienced vascular constriction problems consistent with severe burns. Kiraeofe was released to return to work on March 21,1994, with the restriction that he work in a temperature environment between 65 to 75 degrees. This restriction was to be effective until October 1994. On May 5,1994, at Kiracofe’s request, his doctor released him to return to work with no restrictions, although the doctor advised Kira-cofe against it. The doctor listed Kiraeofe at maximum medical improvement on June 9, 1994, and assigned him a 5% physical impairment to the body as a whole. Kiracofe’s benefits were terminated as of the May 5, 1994, unrestricted release date.
BE & K offered Kiraeofe several jobs after the original March 21,1994, release date, but there is dispute as to whether these jobs were within the temperature restriction. After the May 5,1994, unrestricted release, BE & K offered Kiraeofe a job in North Carolina. Kiraeofe testified that he could not afford to take that job. A few weeks later, Kiraeofe worked for several days in Texas for a company that paid all of his expenses. Kiraeofe then worked briefly for another company performing the same job he had performed before his injury. This job was within the 65- to 75-degree temperature restriction. After being laid off from that job, Kiraeofe did construction work for his father during the summer of 1994. Kiracofe’s post-injury hourly earnings equaled or exceeded Ms pre-injury earnings.
While worMng outside on the construction job, Kiraeofe experienced problems with pain, fatigue, itching, and burning. Kira-eofe’s doctor said that these problems were to be expected from the nature of the work and from the nature of Kiracofe’s injuries. Kiraeofe continues to experience problems from his burns, but Ms doctor testified that these problems were normal for the type of injuries Kiraeofe had experienced.
The hearing on Kiracofe’s workers’ compensation claims was conducted on April 2, 1996. The judge’s order, dated April 10, 1996, held that Kiraeofe was not entitled to permanent partial disability benefits, and awarded Kiraeofe one week of temporary total disability benefits, holdmg that he had experienced no loss of earning capacity and that he had refused an offer of suitable employment.
Kiraeofe appeals, arguing that the trial court erred m refusmg to award him benefits for temporary total disability for the period May 5, 1994, to October 1994. He further contends that the trial court erred m refusing to award him permanent partial disability benefits, and in denying Ms motion to tax costs.
We must note that, in a separate action, Kiraeofe sued BE & K Construction Company in an action alleging the tort of outrage, a retaliatory discharge, and fraud. That case resulted in a jury verdict and judgment for *64 BE & K, and is currently on appeal to the Supreme Court of Alabama (Kiracofe v. BE & K Inc., docket 1951268). After Kiracofe appealed this workers’ compensation case to this court, the trial judge granted his motion to supplement the record. Kiracofe supplemented the record to add various portions of the transcript from the fraud and outrage trial. Much of Kiracofe’s statement of facts and arguments on this present appeal relate to issues from that other case, issues that were never before the judge who ruled on the workers’ compensation claims; thus, we will not consider those arguments and facts.
The accident that caused Kiracofe’s injuries occurred on October 21,1993; therefore, the new Workers’ Compensation Act is controlling. The Workers’ Compensation Act provides that “[i]in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). In interpreting the term “substantial evidence,” the Supreme Court of Alabama has stated:
“[U]nder the applicable standard of review, we will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
Ex parte Trinity Industries, Inc., 680 So.2d 262, 268-69 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989), and citing Ala. Code.1975, § 12-21-12(d)). This court is required to ‘View the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds, Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996). There is no presumption of correctness in appellate review of rulings on issues of law. Ala.Code 1975, § 25-5-81(e)(1); Ex parte Trinity Industries, Inc., 680 So.2d at 268.
Kiracofe first argues that the trial court erred in denying him temporary total disability on the basis that he had refused an offer of suitable employment. Kiracofe argues that the defense of suitable employment is an affirmative defense, and as such was required to be pleaded in order to give Kira-cofe fair notice of BE & K’s claim. Kiracofe cites only general authority in support of this argument; thus, he fails to meet the requirements of Rule 28(a), Ala. R.App. P. Thomason v. Redd, 565 So.2d 259 (Ala.Civ.App.1990).
Kiracofe further argues, in support of his contention that temporary total disability benefits were improperly refused, that the actions of BE & K forced him back to work and that the Workers’ Compensation Act is not designed to force a physically infirm employee back to work prematurely. Much of this argument rehashes the fraud/outrage trial testimony that was never before the trial judge who ruled on Kiraeofe’s workers’ compensation claims. Therefore, it cannot be properly considered by this court on appeal.
Kiracofe’s argument ignores the evidence that his own doctor determined he had reached maximum medical improvement on June 9, 1994. A worker can receive temporary total disability benefits until the worker reaches maximum medical improvement. Haywood v. Russell Corp., 611 So.2d 365, 367 (Ala.Civ.App.1992). Therefore, Ki-racofe would, at most, be eligible for temporary total disability benefits until June 9, 1994. It is undisputed that BE & K paid temporary total disability benefits to Kira-cofe until his May 5, 1994, unrestricted release to return to work. The trial judge awarded Kiracofe temporary total disability benefits for the one week between his release to return to work with no restrictions (May 5, 1994) and the date on which he rejected what the trial judge determined to be a suitable offer of employment (May 13,1994). Section 25-5-57(a)(3)e., Ala.Code 1975, provides:
“e. Effect of Refusal of Suitable Employment. — If an injured employee refuses employment suitable to his or her capacity offered to or procured for him or her, he or she shall not be entitled to any compensation at any time during the continuance of the refusal, unless at any time, in the *65 opinion of the judge of the circuit court of the county of his or her residence, the refusal is justifiable.”
Kiraeofe asserts that his refusal of employment was justified. The trial judge heard evidence at the April 2, 1996, hearing that BE & K offered Kiraeofe a job in North Carolina, but that Kiraeofe did not think he could financially afford to take the job. Evidence was also presented that Kiraeofe did, shortly after that offer, take a different job with another company in Texas. We cannot say that the trial court erred in finding that Kiraeofe had rejected an offer of suitable employment. There is substantial evidence to support the trial judge’s determination; a fair-minded person could reasonably infer from the evidence presented in this ease that BE & K had offered suitable employment. We affirm the trial judge’s denial of temporary total disability benefits for the period after Kiraeofe refused BE & K’s employment offer.
Kiraeofe argues next that the trial court erred in denying him permanent partial disability benefits. The trial judge’s order makes no finding as to permanent partial disability, and notes that Kiraeofe suffered no permanent impairment of his earning capacity and no loss of earning capacity. The basis of Kiraeofe’s argument is that the trial court should have awarded him benefits under § 25 — 5—57(a)(3)i., Ala.Code 1975, because his post-injury earnings are equal to or greater than his pre-injury earnings. Section 25-5-57(a)(3)i., provides in part:
“i. Return to Work. — If, on or after the date of maximum medical improvement, except for scheduled injuries as provided in Section 25-5-57(a)(3), an injured worker returns to work at a wage equal to or greater than the worker’s pre-injury wage, the worker’s permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability.”
Kiraeofe contends that the trial court must, under the language of this section, award him the 5% permanent partial disability status assigned to him by his physician. We agree that § 25-5-57(a)(3)i. applies in this case, but we do not agree with the argument that that section deprives the trial judge of any discretion in determining a worker’s disability. In interpreting § 25-5-57(a)(3)i., this court has stated:
“Nothing in § 25-5-57(a)(3)i. can be interpreted to mean that the trial court is bound by the physician’s assigned physical impairment rating and prohibited from considering its own observations with regard to the impairment and then making adjustments to that rating, so long as it does not consider evidence of vocational disability and the disability rating assigned the employee is equal to the physical impairment rating.”
Compass Bank v. Glidewell, 685 So.2d 739, 741 (Ala.Civ.App.1996). In addressing an issue similar to the one presented in this ease, and holding that the trial court could consider evidence other than the rating assigned by the worker’s doctor, this court stated:
“A trial court is not bound to accept a physician’s assigned impairment rating and is free to make its own determination as to an employee’s impairment. Checker’s Drive-In Restaurant v. Brock, 603 So.2d 1066 (Ala.Civ.App.1992). The impairment rating assigned by a physician is but one factor a court may consider in satisfying its duty to determine the extent of one’s disability. The trial court has the duty to determine the extent of disability and is not bound by expert testimony in making that determination; yet, in making its determination, it must consider all the evidence, including its own observations, and it must interpret the evidence in accordance with its own best judgment. Wolfe v. Dunlop Tire Corp., 660 So.2d 1345 (Ala.Civ.App.1995). To hold that ‘medical impairment’ equates to ‘physical impairment’ for purposes of § 25 — 5—57(a)(3)i., so that the trial court eould not consider evidence of physical impairment, other than the physician’s assigned impairment rating, would usurp the trial court’s duty to determine disability and would place that duty solely in the hands of the physician. We do not believe that that is the result intended by our Legislature in enacting § 25-5-57(a)(3)i.”
Fuller v. BAMSI, Inc., 689 So.2d 128 (Ala.Civ.App.1996). Thus, the impairment rating *66 assigned by the employee’s physician is not controlling on the trial judge, and he or she may consider other factors in determining the extent of an employee’s disability. In this case, the trial judge denied permanent partial disability benefits to Kiraeofe without making a determination as to his disability, if any. We reverse the judgment to the extent it denied those benefits and we remand this case so that the trial judge may make this disability determination, and if appropriate, award benefits accordingly under § 25-5-57(a)(3)i., Ala.Code 1975.
Kiracofe’s final argument is actually a request that this court reverse the trial court’s denial of his request to tax to the employer the costs for a deposition. He cites § 25-5-89, Ala.Code 1975, and Universal Forest Products v. Ellenburg, 627 So.2d 395 (Ala.Civ.App.1992) aff'd in part, rev’d in part, 627 So.2d 398 (Ala.1993), in support of this request, but makes no argument based on either of these sources. Indeed, both § 25-5-89 and Universal Forest Products[1] provide that the taxing of costs to the employer is within the discretion of the trial court. We do not find that the trial judge abused his discretion in refusing to tax these costs to BE & K.
We reverse the denial of permanent partial disability benefits and remand this case so that the trial judge may make a permanent partial disability determination, and, if appropriate, award benefits under § 25-5-57(a)(3)i., Ala.Code 1975. On the other issues, we affirm.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.

. The Supreme Court of Alabama, in Ex parte Ellenburg, 627 So.2d 398 (Ala.1993), affirmed Universal Forest Products on the issue of the taxation of costs.