709 So.2d 44 (1997)
STAR RAILS, INC.
v.
Linda Faye MAY.
2960901.
Court of Civil Appeals of Alabama.
December 19, 1997.
*45 William L. Middleton of Eyster, Key, Tubb, Weaver & Roth, Decatur, for appellant.
Rodney B. Slusher, Florence, for appellee.
WRIGHT, Retired Appellate Judge.
Linda Faye May (employee) filed a complaint in the Lauderdale County Circuit Court against her former employer, Star Rails, Inc., seeking workers' compensation benefits for a January 5, 1996, back injury. Following oral proceedings, the trial court entered a lengthy and detailed judgment, finding that the January 5, 1996, back injury rendered the employee totally and permanently disabled, that the employee "is unable to obtain reasonably gainful employment," and that the employee suffered a "100% reduction in earning capacity." The trial court also ordered the employer to pay for "all medical expenses incurred by [the employee] as a result of this injury." The trial court stated, "Although the evidence in this case is not sufficient for this court to make a finding of fact or conclusion of law as to said vocational rehabilitation benefits at this time, the parties are each encouraged to take advantage of such provision in the future, if possible." The trial court awarded benefits accordingly. Thereafter, the employee filed a motion to tax costs, including expert fees, which the trial court granted.
The employer appeals, contending that the trial court erred (1) in finding the employee to be permanently and totally disabled because, it says, the trial court did not find that the employee could not be retrained and did not determine the availability of vocational rehabilitation benefits, (2) in holding the employer liable for the employee's unpaid medical expenses, and (3) in granting the employee's motion to tax costs.
The standard of review in a workers' compensation case was stated by our supreme court in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996):
"[W]e will not reverse the trial court's finding of fact if that finding is supported by substantial evidenceif that finding is supported by `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"
680 So.2d at 268-69 (quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989)). See also § 25-5-81(e), Ala.Code 1975.
The test for permanent total disability is the inability to find gainful employment. Bidermann Industries Corp. v. Peterson, 655 So.2d 997 (Ala.Civ.App.1994). Total disability does not mean entire physical disability or absolute helplessness. Id. It is the duty of the trial court to make some determination as to the extent of disability. Bidermann. In making the determination, the trial court must consider all the evidence, including its own observations, and interpret it to its own best judgment. Id.
This court has also held that "the trial court is not required to make a specific finding that the worker cannot be retrained for gainful employment. Such a finding is implicit when the trial court concludes that the employee is totally, permanently disabled." Mead Paper Co. v. Brizendine, 575 So.2d 571, 575 (Ala.Civ.App.1990) (emphasis in original) (citation omitted). The trial court determined that the employee is totally and permanently disabled. After examining the record, we conclude that the trial court's findings are supported by substantial evidence.
Section 25-5-77(c), Ala.Code 1975, provides, in pertinent part:
"If the employer so elects, the employee shall submit to and undergo vocational rehabilitation at the employer's expense through a vocational rehabilitation specialist, who shall be qualified to render competent vocational rehabilitation service. If an employee who is unable in the opinion of the treating physician to return to his or her former employment shall request vocational rehabilitation and if both a vocational rehabilitation specialist and a treating physician, the cost of whose service is the obligation of the employer under this section, shall express their opinions in writing that in the judgment of each of them vocational rehabilitation is reasonably calculated *46 to restore the employee to gainful employment and is in the best interest of the employee, the cost of rehabilitation shall be borne by the employer."
The employer did not elect to have the employee submit to, nor did the employee request that she undergo, vocational rehabilitation. Although the trial court mentions vocational rehabilitation in its order, the trial court did not recommend that the employee undergo vocational rehabilitation at the employer's expense, unlike the trial court in Mutual Savings Life Ins. Co. v. Hogue, 693 So.2d 530 (Ala.Civ.App.1997). We consider the trial court's discussion of vocational rehabilitation to be extraneous and harmless error.
Rule 28(a)(5), Ala. R.App. P., requires "that `[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.' (Emphasis added.)" McLemore v. Fleming, 604 So.2d 353 (Ala.1992). the employer fails to cite any authority in support of its second contention. Therefore, we affirm the trial court's determination that the employer is liable for the employee's medical expenses. Rule 28(a)(5), Ala. R.App. P.; Pierce v. Helka, 634 So.2d 1031 (Ala.Civ.App.1994).
The taxation of costs in workers' compensation cases is within the discretion of the trial court and its judgment will not be reversed on appeal absent a showing of an abuse of that discretion. § 25-5-89, Ala.Code 1975; Ex parte Ellenburg, 627 So.2d 398 (Ala.1993). Although, generally, an expert witness is not taxable as a cost of an action, Hartley v. Alabama Nat'l Bank of Montgomery, 247 Ala. 651, 25 So.2d 680 (1946), this court and the supreme court have allowed an expert witness fee to be included as an item of costs in workers' compensation actions. Universal Forest Products v. Ellenburg, 627 So.2d 395 (Ala.Civ.App.1992), aff'd in part and reversed in part, Ex parte Ellenburg. After carefully reviewing the record, we find no abuse of discretion.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
THOMPSON, J., concurs in the result.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I dissent. The judgment should be reversed and remanded on authority of Mutual Savings Life Ins. Co. v. Hogue, 693 So.2d 530 (Ala.Civ.App.1997).