BFI Waste Services, LLC ("the employer"), appeals from a judgment of the Jefferson Circuit Court modifying a previous judgment that awarded workers' compensation benefits to Michael Pullum ("the employee"). We reverse and remand.
 Relevant Facts and Procedural History
After a trial, the trial court rendered a final judgment on March 19, 2007, see Rule 58(a), Ala. R. Civ. P., ordering the employer to pay the employee a lump sum of past-due workers' compensation benefits as well as future weekly compensation payments in the amount of $350.81. Although the judgment was not entered until April 12, 2007, see Rule 58(c), Ala. R. Civ. P., the judgment required the employer to commence weekly payments on March 5, 2007. Six days after entry of the judgment, the employee filed a motion for modification of the judgment, alleging that the employer had failed or refused to make the payments as ordered. The employer responded to that motion on April 23, 2007, denying that it had missed any payments. On July 10, 2007, the court held a hearing *Page 251 
on the employee's motion for modification. Although no evidence was taken at that hearing, [1] the trial court entered a judgment on the date of the hearing that stated, in pertinent part:
 "IT IS HEREBY ORDERED:
 "1. [The employer] is given thirty (30) days from July 10, 2007 to pay directly to [the employee] or his attorney all arrearage in periodic payments which existed on July 10, 2007. Additionally, [the employer] shall also pay directly to [the employee] or to his attorney a 15% penalty on said arrearage and said penalty payment shall also be made within thirty (30) days of July 10, 2007.
 "2. If [the employer] fails to make periodic payments in the future on the dates said payments are due, [the employer] shall be penalized $1,000 per day that each periodic payment is late, and said payment shall be paid directly to [the employee] or his attorney."
On July 25, 2007, the employer filed its notice of appeal from the July 10, 2007, judgment.
 Discussion
On appeal, the employer first argues that the trial court had no authority to impose a penalty of $1,000 per day for any future late compensation payments because, it says, Ala. Code 1975, §§ 25-5-59 and 25-5-86, provide the exclusive remedy for a workers' compensation claimant whose compensation benefits have been delayed.[2] Alabama Code 1975, § 25-5-52, provides:
 "Except as provided in this chapter, no employee of any employer subject to this chapter,[3] nor the personal representative, surviving spouse, or next of kin of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."
In addition, Ala. Code 1975, § 25-5-53, provides, in pertinent part:
 "The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of *Page 252 
kin, at common law, by statute, or otherwise on account of injury, loss of services, or death."
Based on these "exclusivity provisions," generally speaking, the rights and remedies available to the affected parties must be found within the four corners of the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. Hedgemon v. UnitedParcel Serv., Inc., 832 So.2d 656, 659 (Ala.Civ.App. 2002).
Section 25-5-59(b), Ala. Code 1975, imposes on an employer a 15% penalty for its failure to pay, without good cause, an installment of workers' compensation benefits within 30 days of when the installment becomes due. In addition, § 25-5-86(1), Ala. Code 1975, provides:
 "If the award, order, or settlement agreement is payable in installments and default has been made in the payment of an installment, the owner or interested party may, upon the expiration of 30 days from the default and upon five days' notice to the defaulting employer or defendant, move for a modification of the award or settlement agreement by ascertaining the present value of the case, including the 15 percent penalty provision of Section 25-5-59, [Ala. Code 1975,] under the rule of computation contained in Section 25-5-85, [Ala. Code 1975,] and upon which execution may issue. The defaulting employer may relieve itself of the execution by entering into a good and sufficient bond, to be approved by the judge, securing the payment of all future installments, and forthwith paying all past due installments with interest and penalty thereon since due. The bond shall be recorded upon the minutes of the court."
Those Code sections set forth the only remedies that are available under the Workers' Compensation Act to an employee whose workers' compensation payments have been delayed. The legislature obviously concluded that these penalties alone would be sufficient to enforce an employer's obligation to timely pay compensation. The language employed does not imply in any way that these penalties are intended to be merely advisory or cumulative of other civil remedies that a trial court may impose. Because the legislature has thoroughly addressed the appropriate remedy for late payments or nonpayment, the courts have no authority to fashion substitute or additional remedies.See generally Ex parte Krages, 689 So.2d 799, 808 (Ala. 1997) (holding that judiciary could not create remedy for enforcement of election laws when legislature clearly indicated that courts could only enforce statutory remedies).
In the present case, the trial court's judgment imposes a $1,000 per day penalty against the employer for future late payments of workers' compensation benefits. Such a penalty is not authorized in the Workers' Compensation Act. Accordingly, we conclude that the trial court's imposition of the $1,000 per day penalty was in error.
The employer next argues that the trial court had no basis to modify the original judgment, imposing a 15% penalty on the allegedly unpaid installments, because, it says, (a) the employer had until May 11, 2007, to satisfy the judgment pursuant to Rules 58(c) and 62, Ala. R. Civ. P., and (b) the modification was not supported by substantial evidence. We find the employer's second argument dispositive as to this issue.
A judgment awarding the 15% penalty must be supported by a finding of fact that the employer has failed to timely pay compensation without good cause. See Ex parte Crean,782 So.2d 298 (Ala. 2000). The trial court made no such finding in *Page 253 
this case, but that finding is implied by its award of the 15% penalty. See generally Star Rails, Inc. v. May,709 So.2d 44, 45 (Ala.Civ.App. 1997) (noting that necessary findings of fact may be implied from award of benefits). A finding of fact must be supported by substantial evidence. See
Ala. Code 1975, § 25-5-81 (e)(2). In this case, the employee filed a motion to modify the award, but the employee did not attach an affidavit or other evidence to support his position that the employer had failed to make timely payments without good cause. At the hearing on the employee's motion, the employee's attorney asserted that the employer had missed three payments. The employer disputed the motion, arguing through its attorney that it had made all payments due. The trial court did not hold an evidentiary hearing to resolve this controversy, as the law requires. See Ala. Code 1975, §§ 25-5-81 25-5-88. As a result, the record contains noevidence indicating that the employer failed to make timely compensation payments or that any alleged delay or nonpayment was without good cause. Therefore, the trial court could not have subjected the employer to the 15% penalty in § 25-5-59.
Based on the foregoing, we reverse the July 10, 2007, judgment and remand this cause to the trial court with instructions that it vacate its July 10, 2007, judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] The record contains no transcript of the July 10, 2007, hearing. The employer filed a statement of the evidence as allowed under Rule 10(d), Ala. R.App. P. This court reinvested the trial court with jurisdiction to approve that statement, which the trial court did on October 17, 2007. We accept that statement as an accurate summary of the July 10, 2007, hearing.
[2] The employee argues that because the $1,000 penalty has not yet been imposed, this claim is not justiciable and is not ripe for review.
 "To be justiciable, the controversy must be one that is appropriate for judicial determination. It must be a controversy which is definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a decree."
Copeland v. Jefferson County, 284 Ala. 558, 561,226 So.2d 385, 387 (1969). "In order to determine whether an issue is ripe for adjudication, a court must look at the fitness of the issue for review and the hardship to the parties if determination is withheld." Save Our Streams, Inc. v.Pegues, 541 So.2d 546, 549 (Ala.Civ.App. 1988). Based on the foregoing authority, we conclude that the controversy presented in this appeal satisfies the requirements of justiciability and is ripe for review.
[3] The Workers' Compensation Act is codified in Title 25, Chapter 5 of the Alabama Code 1975.