This is a workmen's compensation case.
The trial court conducted an ore tenus proceeding and found that the employee was permanently and totally disabled as a result of injuries he sustained in the course of his employment. The employer's subsequent motion to alter or amend was denied by operation of Rule 59.1, Alabama Rules of Civil Procedure.
The employer appeals. We affirm. The dispositive issue on appeal is whether there is legal evidence to support the trial court's finding of permanent and total disability.
Initially, we note that, if there is any legal evidence to support the trial court's findings of fact, this court must affirm. Blue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985). This court has held that the test for permanent total disability is the inability to perform one's trade or to obtain reasonably gainful employment. Bankhead ForestIndustries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App. 1982). Furthermore, total disability does not mandate that the employee be rendered absolutely helpless or entirely physically disabled. Southern Prestressed Concrete, Inc. v. Thomas,485 So.2d 772 (Ala.Civ.App. 1986). Finally, in making a determination as to the extent of disability, the trial court must consider all the evidence, including its own observations, and it is not bound by the testimony of experts. Genpak Corp.v. Gibson, 534 So.2d 312 (Ala.Civ.App. 1988).
We find that there is legal evidence to support the trial court's finding of permanent total disability. The record reveals that the employee is thirty-nine years of age and possesses no more than an eighth-grade education. Furthermore, he is unable to read or write, and there is little possibility that the employee will develop these skills. The record also reveals that the employee has worked his entire adult life as a manual laborer.
Additionally, the employee testified that, on at least three occasions subsequent to his injuries, he attempted a return to work and in each attempt was unsuccessful as a result of either the physical demands or the psychological trauma he suffered. Finally, a vocational expert testified that the employee would be unable to maintain employment of any type other than work of a sedentary nature and that any employment he might obtain would initially be confined to part-time work. His testimony also indicates that the employee's ability to secure such a position would be limited, if not nonexistent.
Consequently, we have no authority to disturb the trial court's finding of permanent and total disability. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 1088