ROBERTSON, Presiding Judge.
This is a workmen’s compensation ease.
David Hoefflicker filed a complaint in the Jefferson County Circuit Court against his employer, Sloss Industries Corporation, seeking workmen’s compensation benefits.
Following an ore tenus proceeding, the trial court entered a final judgment, finding Hoefflicker to be permanently and totally disabled. The trial court’s well-written judgment contained the following:

“FINDINGS OF FACT

“Oral testimony has been taken, and exhibits offered and received into evidence, without objection, all of which have been considered by the Court. After due consideration of all the evidence in the case, the Court finds:
“[Hoefflicker], was employed by [Sloss] as a millwright, where he worked on heavy equipment. On January 23, 1992, [Hoef-flieker] was severely injured when a vat filled with tar and caustic substances emptied on him while he was attempting to open the door to the vessel. [Hoefflicker] sustained second and third degree burns over seventy percent (70%) of his body and was hospitalized at the University of Alabama-Birmingham Burn Unit for 67 days.
“While at UAB, [Hoefflicker] was treated by Dr. Allen Dimiek and Dr. David Stephens, whose depositions have been taken. The Court notes from these depositions that [Hoefflicker] underwent daily cleansing and scrubbing of the burns; that repeated skin grafts were performed; that debridement surgery was performed; that a biopsy of [Hoefflicker]’s skin was taken and shipped to a laboratory in Boston, which grew new cultured skin, and that this cultured skin was thereafter applied to [Hoefflicker]; that the nerve endings in [Hoefflieker]’s skin were severely damaged or destroyed as a result of the accident; that the cultured skin applied to [Hoef-flicker] does not have sweat glands or hair follicles, and therefore will not sweat; that [Hoefflicker] must wear a pressure suit in order to enhance the tightening of the skin and to alleviate scarring from the burns; that [Hoefflicker] has numerous ‘neuro-mas’, which have the appearance of swollen water blisters, over the burned portions of his body, and the Court visibly observed these neuromas when [Hoefflicker] removed his shirt during the trial of this case; that [Hoefflicker] suffered a breakdown of the skin behind both knees due to a buildup of scar tissue, and surgery was required to correct this problem; that [Hoefflicker] also underwent surgery to release sear tissue which had built up in his left shoulder; that [Hoefflicker] regularly *11 applies oils and lotions to his body in an attempt to keep the skin moist and to prevent cracking; that [Hoefflicker] must avoid being in a hot, humid, or dusty environment; and that [Hoefflicker] is unable to stand for any length of time.
“[Hoefflicker] testified that he currently takes medication for severe itching in an attempt to alleviate the sensation of, as he describes it, ‘crawling ants’; that scratching these areas does not relieve the itching sensation; that he develops an immunity from this medication over a period of time and must cease taking it for a few weeks; that he is unable to concentrate on any type of task as a result of the constant itching; that he applies the oils and lotions to his skin several times a day, and needs assistance in order to make these applications; that he has constant numbness in his hands and fingers, which severely limits his manual dexterity; that he is unable to rotate his left wrists as a result of the scar tissue caused by the burns; that he leads a very sedentary lifestyle and no longer engages in any of the physical activities he performed prior to the accident; and that he suffers episodes of depression as a result of his injuries and the lifestyle he now leads.
“[Hoefflicker] testified that he has not worked since the date of the accident and that he does not believe he can work in any job for the rest of his life.
“Dr. William Crunk testified on behalf of [Hoefflicker] as a vocational expert, and stated that [Hoefflicker] was permanently and totally disabled as a result of the exertional and non-exertional factors caused by the accident, and that [Hoef-flicker] suffered a 100% loss of earning capacity as a result of the injuries sustained in the accident.
“The Court also heard the testimony of Michelle McBroom, employed by Crawford Company. Ms. McBroom testified on behalf of [Sloss] that [Hoefflicker] had a 53.5% disability rating with retraining and a 69% disability with no retraining, but she had not taken into account the non-exer-tional factors, such as loss of concentration, depression, and constant itching which were factored into Dr. Crunk’s evaluation.
“In addition to the oral testimony and exhibits and all the evidence which has been considered by the Court, the Court has received a brief of [Sloss], and [Hoef-flicker]’s Summation Brief; and the Court has visually observed [Hoefflicker] in Open Court, all of which the Court has also considered,
“The Court finds from all of the evidence presented that [Hoefflicker] is permanently and totally disabled and has suffered a 100% loss in earning capacity as a result of the injuries sustained in the accident of January 23, 1992.... ”
Sloss appeals, contending that the trial court erred in finding Hoefflicker permanently and totally disabled.
The standard of appellate review in workmen’s compensation cases is a two-step process. This court must first determine whether there exists any legal evidence to support the trial court’s findings. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, 575 So.2d 91 (Ala.1991).
The record clearly reflects legal evidence to support the trial court’s findings in this case. We find that a reasonable view of that evidence supports the trial court’s judgment; therefore, that judgment is affirmed. See also Ex parte Veazey, 637 So.2d 1348 (Ala.1993).
Sloss asserts that “a court must now take into account the Americans with Disabilities Act and cannot as a matter of public policy rule that an individual is totally disabled _” This court has found that assertion to be without merit. Trans Mart, Inc. v. Brewer, 630 So.2d 469 (Ala.Civ.App.1993).
AFFIRMED.
THIGPEN and YATES, JJ., concur.