RICHARD L. HOLMES, Retired Appellate Judge.
This is a workmen’s compensation case.
Willie Washington (employee) filed a complaint against Tyson Foods, Inc. (employer), wherein she alleged that she suffered an on-the-job injury on or about March 6, 1991. The employee requested that the trial court award her the workmen’s compensation benefits to which she was entitled.
The employer filed an answer, wherein it denied that the employee had sustained any loss of earning capacity which would be com-pensable under the workmen’s compensation statutes.
The parties filed a joint stipulation, wherein certain facts were agreed upon and certain documents were admitted without objection. In this joint stipulation, the parties agreed that the only disputed issues were the extent of the employee’s permanent disability resulting from the on-the-job accident and the amount of benefits to which the employee is entitled.
After a hearing the trial court issued an order, which provided in pertinent part:
“[Ujpon consideration of the proof submitted in this case, including the disputed medical testimony, the court finds that the [employee] has incurred a twenty-five (25%) percent permanent, partial disability as a proximate result of her injury for which she is entitled to receive compensation from the [employer].... ”
The employee filed a motion to alter, amend, or vacate. This motion was denied.
The employee appeals. On appeal, the employee contends that the trial court should have found her to be permanently and totally disabled.
This court has previously held that, in order to award workmen’s compensation ben *671 efits, a trial court must determine that the employee has suffered a loss of ability to earn as a result of an on-the-job injury and that the percentage of bodily impairment cannot be the basis for awarding compensation. Marley Erectors, Inc. v. Rice, 620 So.2d 31 (Ala.Civ.App.1993); M & H Valve Co. v. Carmichael, 607 So.2d 224 (Ala.Civ. App.1991); Chrysler Corp. v. Henley, 400 So.2d 412 (Ala.Civ.App.1981).
In the present case, the trial court determined that the employee had suffered a “twenty-five (25%) percent permanent, partial disability as a proximate result of her [on-the-job] injury.” However, the trial court failed to determine whether the employee had suffered a loss of ability to earn, which would entitle her to workmen’s compensation benefits.
Consequently, we reverse the judgment of the trial court and remand the cause to the trial court for a determination of whether the employee suffered a loss of ability to earn as a result of her on-the-job injury.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.