Dwight Ray Glidewell sued his employer, Compass Bank, on January 23, 1995, seeking to recover workers' compensation benefits for an injury he sustained on January 16, 1994, during the course of his employment. Following an ore tenus proceeding, the trial court, on November 21, 1995, found, among other things, that Glidewell's average weekly wage was $512.29; that he had suffered a permanent partial disability; and that he has a disability impairment of 34% to the body as a whole. Compass appeals.
At the outset, we note that because of the date of Glidewell's injury, this case is governed by the new Workers' Compensation Act. The new Act provides that on appeal the review of the proof and the consideration of other legal issues shall be without a presumption of correctness. § 25-5-81(e)(1), Ala. Code 1975. It further provides that when a court reviews a trial court's findings of fact, those findings will not be reversed if they are supported by substantial evidence. §25-5-81(e)(2), Ala. Code 1975. Our supreme court "has defined the term 'substantial evidence', as it is used in §12-21-12(d), to mean 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' " Ex parte Trinity Industries, Inc., 680 So.2d 262,268 (Ala. 1996), quoting West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). Further, we "will view the facts in the light most favorable to the findings of the trial court." Whitsett v. BAMSI, Inc., 652 So.2d 287, 290
(Ala.Civ.App. 1994). This court has also concluded: "The new Act did not alter the rule that this court does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc.,655 So.2d 1012, 1014 (Ala.Civ.App. 1995).
Glidewell was employed with Compass as a manager. At the time of the injury in January 1994, he was helping other employees install a new mainframe computer. While lifting a large floor panel with suction cups, Glidewell experienced pain in his back. At the time, Glidewell believed he had strained a muscle in his back; however, because the pain continued to worsen, he sought medical treatment. Dr. Stanford Faulkner diagnosed Glidewell with a herniated disc at the lumbar 5 and sacral 1 (L5/S1) portion of the back. Glidewell underwent a laminectomy discectomy of the L5/S1 in May 1994. Glidewell continued under Dr. Faulkner's care until November 1994, when, according to Dr. Faulkner, he reached maximum medical improvement. At that time, based on the American Medical Association guidelines and Dr. Faulkner's knowledge of Glidewell, Dr. Faulkner assigned him a permanent partial impairment rating of 22% to the body as a whole. The parties stipulated to that permanent partial impairment rating at trial.
Glidewell testified that he has sciatic nerve damage in his right leg and that he has lost some use of the leg. He stated that he has lost a great deal of strength in his leg and that he now walks with a limp, which, he says, in turn has caused him to have problems with his right knee. Glidewell testified that he used to participate in sports, but that because of the injury he is no longer able to. The only medication he is currently on is Ibuprofen, which he purchases over the counter. Additionally, Glidewell testified that before his injury he was employed as a "grade 16" manager; however, upon his return to work he requested that he be moved to a "grade 14" operations analyst, because he *Page 741 
felt that his opportunity for advancement would be better. At the time of trial, Glidewell was employed as a grade 14 operations analyst, earning the same wages he was earning before the injury; the parties stipulated to this fact at trial.
Compass contends that the court erred in finding that Glidewell had a disability rating of 34% to the body as a whole, when Dr. Faulkner had assigned only a 22% permanent partial impairment rating. In its order, the court stated:
 "The Court has personally observed the plaintiff in Open Court and observed the manner in which he walked, among other things. Since the plaintiff still works for the defendant and is making the same or more than his pre-injury wage, the Court, under 25-5-57(i) of the Code, is prohibited from considering any evidence of vocational disability with reference to the physical impairment of the plaintiff. However, the Court having viewed the plaintiff in Open Court, is of the opinion that the plaintiff's physical impairment rating to the body as a whole, together with the medical evidence, is greater than the 22% permanent partial disability rating given to the plaintiff by Dr. Faulkner. The evidence shows, and the Court finds, that the said plaintiff's disability is 34% to the body as a whole rather than 22% . . . ."
Because this case involves a permanent partial disability rating and because Glidewell returned to work at a wage equal to, or greater than, his pre-injury wage, § 25-5-57(a)(3)i., Ala. Code 1975, is applicable. That section reads:
 "Return to Work. — If, on or after the date of maximum medical improvement, . . . an injured worker returns to work at a wage equal to or greater than the worker's pre-injury wage, the worker's permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability."
Compass specifically argues that the trial "court shall consider only the plaintiff's physical impairment as established by the plaintiff's physician" when determining a plaintiff's permanent partial disability. In other words, Compass would have us hold that a trial court is bound to the physical impairment rating assigned by a treating physician when determining a plaintiff's permanent partial disability rating, pursuant to § 25-5-57(a)(3)i. We decline to do so.
It is well settled that the trial court has the duty to determine the extent of disability and is not bound by expert testimony in making that determination; yet, in making its determination, the trial court must consider all the evidence, including its own observations, and it must interpret the evidence to its own best judgment. Wolfe v. Dunlop Tire Corp.,660 So.2d 1345 (Ala.Civ.App. 1995). Specifically, a trial court is not bound to accept a physician's assigned impairment rating and is free to make its own determination as to an employee's impairment. Checker's Drive-In Restaurant v. Brock,603 So.2d 1066 (Ala.Civ.App. 1992).
The trial court is prohibited from considering vocational disability evidence under § 25-5-57(a)(3)i. Further, this section mandates that an employee's permanent partial disability rating shall be equal to the employee's physical impairment. Nothing in § 25-5-57(a)(3)i. can be interpreted to mean that the trial court is bound by the physician's assigned physical impairment rating and prohibited from considering its own observations with regard to the impairment and then making adjustments to that rating, so long as it does not consider evidence of vocational disability and the disability rating assigned the employee is equal to the physical impairment rating. The court noted in its order that it was prohibited from considering evidence of vocational disability, and, based on its own observations, found Glidewell's physical impairment to be 34%, rather than 22% as determined by Dr. Faulkner. The court then found Glidewell's disability rating to be 34%, which was equal to his physical impairment rating, and in compliance with § 25-5-57(a)(3)i. We, therefore, conclude that the court did not err in finding that Glidewell had suffered a 34% permanent partial disability.
Compass next argues that the court erred in adding Glidewell's fringe benefits to his *Page 742 
actual pay in calculating his average weekly wage. Compass paid Glidewell temporary total disability benefits for 22 weeks and four days. At the time of Glidewell's injury, his actual base rate of pay was $471.98 per week; he received fringe benefits of $40.31 per week. The court found Glidewell's average weekly wage to be $512.29 — the sum of the base pay and the fringe benefits.
Section 25-5-1(6), Ala. Code 1975, states: "Average weekly earnings shall not include fringe benefits if and only if the employer continues the benefits during the period of time for which compensation is paid." Computation of compensation under § 25-5-57(a)(3), Ala. Code 1975, is based on the average weekly earnings as defined by § 25-5-1(6). The record indicates that Compass continued to pay Glidewell his fringe benefits during the period of time that he was receiving temporary total disability benefits. Therefore, the court erred in including the $40.31 fringe benefits as part of Glidewell's average weekly wages. Because that error resulted in a miscalculation of benefits awarded, we must reverse the judgment and remand the case with instructions to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.