Mayfield Trucking Company (the employer) filed a complaint pursuant to Ala. Code 1975, § 25-5-57(a)(4)b., alleging that Leon Napier was no longer permanently and totally disabled and requesting that his workers' compensation benefits be terminated. Following oral proceedings, the trial court determined that the employer had failed to meet its burden of proof and dismissed the complaint. The employer appeals.
Section 25-5-57(a)(4)b. provides:
 "At any time, the employer may petition the court that awarded or approved compensation for permanent total disability to alter, amend or revise the award or approval of the compensation on the ground that as a result of physical or vocational rehabilitation, or otherwise, the disability from which the employee suffers is no longer a permanent total disability and, if the court is so satisfied after a hearing, it shall alter, amend, or revise the award accordingly."
The burden of proof is on the employer in an action filed under25-5-57(a)(4)b. Cerrock Wire Cable Co. v. Johnson,533 So.2d 622 (Ala.Civ.App. 1988). The trial court must hear the evidence and reapply the test for permanent total disability in order to determine whether the earlier-determined disability is no longer present. "Permanent total disability" is the inability to perform one's trade and find gainful employment. Mead PaperCo. v. Brizendine, 575 So.2d 571 (Ala.Civ.App. 1990). "Total disability" does not mean entire physical disability or absolute helplessness. Genpak Corp. v. Gibson, 534 So.2d 312
(Ala.Civ.App. 1988). The sole issue on this appeal is whether the trial court erred in finding that the employer had not carried its burden of proof, showing that Napier was no longer permanently and totally disabled.
Napier's injury occurred on October 5, 1992; this case is governed by the amended Workers' Compensation Act, which became effective on May 19, 1992. The amended act provides that, upon review, the trial court's findings of fact will not be reversed if they are supported by substantial evidence. Ala. Code 1975, § 25-5-81(e)(2). Our supreme court has defined the term "substantial evidence," to mean "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989), quoted in Ex parte TrinityIndustries, Inc., 680 So.2d 262, 268 (Ala. 1996).
The record reflects that in 1992, Napier sustained a ruptured lumbar disc when he lifted a water cooler at work. Dr. Roger Setzler, an orthopedic surgeon, performed a lumbar laminectomy on Napier on May 10, 1993. The last time Dr. Setzler examined Napier after the surgery was on July 22, 1994. At that time, Napier was having occasional stiffness in his back and was unable to squat or bend without difficulty. Dr. Setzler released Napier to work on light-duty status, but Napier did not return to work. Napier *Page 24 
filed an action seeking workers' compensation disability benefits; Dr. Setzler testified in that action that Napier had suffered a 10% disability. On November 5, 1994, the Circuit Court of Choctaw County entered a judgment finding Napier to be permanently and totally disabled and awarding benefits accordingly.
On March 12, 1997, in connection with this action, the employer asked Dr. Setzler to review a surveillance videotape showing Napier's activities on September 6, 1995, and to render an opinion as to whether the activities he watched Napier perform on the videotape would cause him to alter the disability rating he had previously assigned to Napier. The videotape showed Napier performing such strenuous tasks as swinging a bush blade, starting and using a chain saw and a lawn mower, and picking up boards. Napier even picked up a riding lawn mower to examine the blade underneath. The videotape also demonstrated the extent of Napier's agility when it showed him effortlessly leaping to the ground over the side of the bed of a pickup truck and freely squatting, bending, and twisting at the waist with no apparent stiffness or hesitancy. The most dramatic display of Napier's agility was a portion of the videotape in which he was filmed in a squatting position, picking peas for a period of approximately 12 minutes.
Based on his review of the videotape, Dr. Setzler revised his prior opinion concerning Napier's physical disability rating and expressed an opinion that Napier no longer suffered from a physical disability. Dr. Setzler did not reexamine Napier before or after revising his opinion.
The trial court also reviewed the deposition testimony of Dr. Donald Cook. Dr. Cook had examined Napier and had rendered an opinion in connection with the initial action for workers' compensation benefits. In his testimony in the original action, Dr. Cook expressed the opinion that Napier had a permanent disability of 18% and would be unable to do heavy or repetitive lifting, bending, twisting, kneeling, squatting, or climbing, or walking for long distances. Dr. Cook also reviewed the videotape in the present case and expressed the opinion that the activities he watched Napier perform on the videotape were not inconsistent with the limitations he had previously imposed upon him. Dr. Cook explained that people who suffer from chronic back ailments typically have good days and bad days. He further explained that while Napier might be able to perform a certain strenuous activity for a short time, he did not believe him to be capable of performing it for an extended period, or of repeating the activity the following day. In addition to viewing the videotape, Dr. Cook examined Napier and determined that his original assessment that Napier suffered from an 18% permanent disability was unchanged.
The trial court also heard testimony from Napier himself, describing his physical limitations and explaining that he had good days and bad days. John Long, a vocational rehabilitation specialist, also testified. Long stated that Napier no longer suffered from a vocational disability and explained that he had arrived at this conclusion because Dr. Setzler had removed the physical restrictions he had previously placed on Napier. Bill Vinson, a vocational expert testifying on behalf of Napier, expressed the opinion that Napier continued to be permanently and totally vocationally disabled.
At the conclusion of the proceeding, the trial court entered an order providing in part as follows:
 "It is the finding of this Court that, based upon the evidence which the Court finds most credible, that the previous order of this Court should continue undisturbed and that the Defendant/Petitioner's complaint should be denied. In making this finding, the Court notes that the Defendant/complainant surveilled the Plaintiff on six (6) separate occasions, and the only evidence presented is a video of the Plaintiff doing those things described in the narrative above for extremely short periods. The Court further notes that Dr. Setzler has not examined the Plaintiff, but based his entire testimony on viewing the above-described videotape of approximately thirty-seven (37) minutes duration."
On review, we note a vast disparity between the original physical restrictions imposed upon Napier in 1994 by both Dr. Cook and Dr. Setzler and the intense activities the *Page 25 
videotape shows Napier performing. Although we find the videotaped surveillance presented by the employer to be quite compelling, the supreme court has consistently determined that the applicable standard of review does not allow this court to reweigh the evidence presented to the trial court. Ex parteAlabama Ins. Guar. Ass'n, 667 So.2d 97 (Ala. 1995); Ex parteVeazey, 637 So.2d 1348 (Ala. 1993); Ex parte Ellenburg,627 So.2d 398 (Ala. 1993). The resolution of conflicting evidence is within the exclusive province of the trial court, and this court is forbidden to invade that province upon review. Id. Instead, we must affirm the judgment of the trial court if it is supported by substantial evidence. Ex parte Trinity Industries, Inc., supra. Further, it is well established that the trial court is in the best position to observe the demeanor and credibility of the employee and other witnesses in a workers' compensation case. Exparte Alabama Ins. Guar. Ass'n, 667 So.2d at 101.
After reviewing all the evidence, we conclude that, although we might have decided this case differently, there is substantial evidence to support the determination of the trial judge. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.
YATES and MONROE, JJ., concur in the result.