Robert Sprinkle sued his employer, Baldwin Pole Leasing and Baldwin Pole Piling Company, Inc., for workers' compensation benefits. After a hearing, the trial court entered a judgment finding that Sprinkle was permanently, partially disabled and that he had suffered a 50% loss of earning ability. The trial court also found that Baldwin Pole was entitled to set off the workers' compensation benefits it owed Sprinkle with retirement benefits it had already paid. Sprinkle appeals.
The standard of review this court must apply in this case is derived from § 25-5-81(e)(1), Ala. Code 1975, which provides: "In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." *Page 445 
Furthermore, the Workers' Compensation Act provides that "in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2). The Alabama Supreme Court has defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala. 1996).
The record tends to show the following. Sprinkle was working as a truck driver, hauling poles, when he sustained a work-related injury to his lower back. The injury required surgery and rehabilitation. Sprinkle participated in a functional capacities evaluation, which showed that he could perform jobs requiring light to medium duty. His treating physician agreed with that assessment.
Sprinkle was 50 years old at the time of the accident. The record shows that before working as a truck driver for Baldwin Pole, he had held a number of widely diverse jobs. He had served in the Air Force for four years and had been trained in pneudraulics, or fluid and air pressure systems. After leaving the Air Force, Sprinkle worked as an insurance salesman; he worked as a sales manager supervising 68 employees; he worked in the construction business; and he had done several jobs for Baldwin Pole. Sprinkle also had an associate's degree in criminal justice.
Eric Anderson, a vocational expert for Baldwin Pole, testified that he believed Sprinkle could go back to driving a truck as long as the truck had an automatic transmission. He said that even if Sprinkle could not drive a truck, he was employable. Anderson testified that in his opinion, Sprinkle had sustained a loss of earning capacity of between 8% and 24%.
James Cowart, a vocational expert hired by Sprinkle, testified that Sprinkle could not be employed in a job that would pay him as well as his job with Baldwin Pole had paid. However, Cowart acknowledged that he had not considered Sprinkle's previous work experience when reaching that conclusion.
In his brief on appeal, Sprinkle contends that Cowart testified that Sprinkle was permanently and totally disabled, within the meaning of Alabama's workers' compensation law. However, our review of the record shows that Cowart made no such statement. Sprinkle's citation to the record in support of this "fact" is actually Cowart's testimony that he did not believe that Sprinkle could be employed in a job that paid as much money as he was making as a truck driver for Baldwin Pole. The record does show, however, that Cowart testified that based on the functional capacities evaluation, Sprinkle was capable of gainful employment.
Sprinkle argues that the trial court erred in finding that he was not totally disabled. He also claims that there is no evidence to support a finding that he suffered a 50% loss of earning capacity, because no witness testified as to that specific percentage of loss. There is no merit to Sprinkle's claims.
In determining the extent of disability, the trial court must consider all the evidence, including its own observations, and it is not bound by the testimony of experts. Southern Aluminum Castings Co. v. Whatley, 560 So.2d 1086 (Ala.Civ.App. 1990). In this case, the trial court heard testimony from vocational experts regarding Sprinkle's loss of earning ability. The court was able to observe Sprinkle and judge for itself the extent of his disability. Sprinkle claims that he is totally disabled; Baldwin Pole provided an expert witness who testified that Sprinkle had suffered a loss of earning capacity of between 8% and 24%. Substantial evidence supports the trial court's finding. Therefore, that portion of the judgment holding that Sprinkle has suffered a 50% loss of earning capacity is due to be affirmed. *Page 446 
Sprinkle also argues that the trial court erred in allowing Baldwin Pole to offset his workers' compensation benefits with retirement benefits already paid to him. Baldwin Pole concedes that, in light of Ex parte Taylor, [Ms. 1970008, October 23, 1998] 728 So.2d 635 (Ala. 1998), it is not entitled to the setoff.
In Scott Paper Co. v. Taylor, [Ms. 2950251, September 19, 1997] 728 So.2d 632 (Ala.Civ.App. 1997), this court held that §25-5-57(c)(1), Ala. Code 1975, allows a company to reduce its workers' compensation payments by the amount paid under a retirement plan provided by the company. The trial court relied on Scott Paper Co. in determining that Baldwin Pole was entitled to a setoff. However, after the trial court entered its judgment in this case, the Alabama Supreme Court reversed the judgment of this court, holding that "§ 25-5-57(c)(1) does not allow an employer to set off, against workers' compensation benefits, the amount of benefits the worker received from a retirement plan that [is] unrelated to a job-related injury or compensation therefor." Ex parte Taylor, [Ms. 1970008, October 20, 1998] 728 So.2d 636
(Ala. 1998). In its brief on appeal, Baldwin Pole acknowledges that its retirement plan does not allow additional benefits based on an injury and that, therefore, it is not entitled to a setoff.
For that reason, we reverse that portion of the judgment allowing Baldwin Pole a setoff of the workers' compensation payments by the retirement benefits it paid Sprinkle. The remainder of the judgment is affirmed. This cause is remanded for the circuit court to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.