THOMPSON, Judge,
concurring specially.
I write to compare the present case to an earlier case which I authored, Mayfield Trucking Co. v. Napier, 724 So.2d 22 (Ala.Civ.App.1998). This present appeal involves an action filed pursuant to Ala.Code 1975, § 25-5-57(a)(4) b„ by Mobile Infirmary Association (“Mobile Infirmary”), the former employer, seeking to reduce the disability rating awarded to Glenda Dillard, its former employee. Dillard, a registered nurse, had suffered an injury to her lower back while employed by Mobile Infirmary and had been awarded permanent total-disability benefits in a 1997 workers’ compensation action.
Thereafter, in April 1998 Mobile Infirmary obtained a surveillance videotape that depicted Dillard engaged in brisk yard-raking for a period of 40 minutes. Mobile Infirmary submitted this videotape, along with the deposition of Dr. Robert McGinley, a board-certified orthopedic surgeon. Dr. McGinley had examined Dillard on July 21, 1998; had reviewed Dillard’s medical records; and had viewed the surveillance videotape, before he gave *1115 his deposition. Dr. McGinley testified in his deposition that he had examined and interviewed Dillard before viewing the surveillance videotape. He testified that, based on his examination and interview, he had concluded that Dillard was suited for a sedentary job with intermittent standing and walking. Dr. McGinley further testified, however, that he viewed the videotape on August 24, 1998, upon being provided a copy of it, and, after viewing it, concluded “that [Dillard] was able to tolerate an activity level somewhat greater than her history would have indicated” and that the movements Dillard demonstrated on the videotape were inconsistent with the history she had given Dr. McGinley of suffering incapacitating pain when she engaged in physical activity. Dr. McGinley stated in his deposition that after he viewed the videotape, he changed his earlier opinion — that Dillard should be restricted to a sedentary job — and concluded that she could perform jobs that required light to moderate lifting.
Following a hearing, at which Dillard testified, the trial court entered a judgment altering its earlier award of permanent total-disability benefits; it found that Dillard had suffered a 60% loss of earning capacity and held that Mobile Infirmary was responsible for a further 85 weeks of permanent partial-disability benefits. I concur in this court’s no-opinion affir-mance. The trial court’s judgment was supported by substantial evidence. See Ex parte Trinity Indus., Inc., 680 So.2d 262 (Ala.1996); and Ex parte Alabama Ins. Guar. Ass’n, 667 So.2d 97, 98 (Ala.1995).
In Mayfield Trucking, supra, this court reviewed the trial court’s judgment in another action filed by a former employer seeking, pursuant to Ala.Code 1975, § 25-5-57(a)(4)b., to reduce a disability award. The facts in Mayfield Trucking are strikingly similar to the facts of the present case. Three years before the employer, Mayfield Trucking, initiated its § 25-5-57(a)(4)b. action, Napier, a former employe, had been awarded permanent total-disability benefits after injuring his back while lifting a water cooler at work. May-field Trucking obtained a surveillance videotape showing Napier engaged in such strenuous tasks as swinging a bush blade, starting and using a chain saw, and picking up a riding lawn mower to examine the blade. The surveillance videotape covered approximately 37 minutes and depicted Napier squatting, bending, and leaping, apparently effortlessly, over the side of the bed of a pickup truck to the ground below. Dr. Roger Setzler, the orthopedic surgeon who had performed back surgery on Napier and had treated him postoperatively, viewed the videotape before giving his deposition, but did not reexamine Napier. In his deposition, Dr. Setzler testified that he believed that Napier no longer suffered from a disability. In its judgment denying the § 25-5-57(a)(4)b. relief that Mayfield Trucking sought, the trial court stated that it was persuaded by the fact that Napier had been “surveilled ... on six (6) separate occasions, and that the only evidence presented [was this particular] video,” and by the fact that Napier’s orthopedist did not examine him before changing his opinion of Napier’s disability, but relied exclusively upon his review of the surveillance videotape.
When reviewing a judgment awarding workers’ compensation, or a judgment modifying a workers’ compensation award, this court is limited to determining whether the record contains substantial evidence to support the judgment. A comparison of the facts of this present case with those of Mayfield Trucking underscores the great measure of discretion and responsibility vested in the trial court, in regard to both its initial award of workers’ compensation and its subsequent modification of an award.