MONROE, Judge.
In August 1997, Billy Ray Lipscomb (“the employee”) filed a complaint against the City of Gadsden (“the employer”), alleging that on or about January 2, 1997, he was injured in the line and scope of his employment. The employee, who was an employee of the Parks and Recreation Department of the City of Gadsden, contends that his on-the-job injury occurred while he was on some scaffolding helping remove a roll-up garage door and the door fell on him. The employee sought all workers’ compensation benefits to which he was entitled.
The employer answered, denying that the employee had been injured in an on-the-job accident on January 2, 1997, and contending that the employee had faded to report the January 2, 1997, accident and therefore was not entitled to any workers’ compensation benefits.
After conducting a hearing, the trial court issued an order, finding that the employee had suffered an on-the-job injury in January 1997 and that the employee had given the employer proper notice of his injury. The trial court determined that the employee had suffered a 60% impairment as a result of the injury and awarded workers’ compensation benefits accordingly-
Both parties filed postjudgment motions. The employee contended that the trial court should have found him to be permanently and totally disabled and should have awarded him benefits accordingly. The employer contended that the trial court should have determined that the employee was not entitled to workers’ compensation benefits because, it said, the employee did not suffer an on-the-job injury and/or had faded to give the employer proper notice of the alleged injury. After conducting a hearing, the trial court denied these motions.
The employee appeals, and the employer cross-appeals.
The employer contends that the employee should not have been awarded workers’ compensation benefits because, it says, he did not present sufficient evidence indicating that he had received an on-the-job injury, that he did not fulfill the notice requirements under the Workers’ Com *397 pensation Act, and that he failed to obtain authorization for medical treatment.
Although several people testified that on January 2, 1997, the employee was on some scaffolding helping remove a roll-up garage door so that it could be disassembled and that the door fell on him, there was some testimony that the garage door had been removed before January 2, 1997, and that when it was removed the employee was not on the scaffolding and the door did not fall on him.
The employee testified the door fell on him and that he was able to work the remainder of the day but that when he got home that evening he could not get out of his truck without his wife’s assistance. He testified that he took a bath, that his wife rubbed some BenGay medication on his back, and that he took something to relieve the pain and then went to bed. The next morning was a Friday; he said he could not get out of bed that morning because of pain. The employee’s wife telephoned the employer and informed it that the employee had hurt his back and was going to visit a doctor. The employee went to a walk-in clinic. On Monday, January 6, 1997, the employee and his wife went to the office of the Gadsden Parks and Recreation Department and spoke there with Linda Swafford, a secretary. The employee and his wife testified that they told Swafford that they wanted to report that he had been injured at work on Thursday, and they testified that Swafford told them that it was too late to report a workers’ compensation injury. Swafford admits that the employee and his wife came to the Parks and Recreation Department office, but she denies that either of them told her that the employee had been injured at work. The employer’s risk manager admitted that reporting the injury to Swaf-ford would have provided sufficient notice to the employer.
In Mayfield Trucking Co. v. Napier, 724 So.2d 22, 25 (Ala.Civ.App.1998), this court stated:
“The resolution of conflicting evidence is within the exclusive province of the trial court, and this court is forbidden to invade that province upon review. Instead, we must affirm the judgment of the trial court if it is supported by substantial evidence. Further, it is well established that the trial court is in the best position to observe the demeanor and credibility of the employee and other witnesses in a workers’ compensation ease.”
(Citations omitted.) We have reviewed the record, and we conclude that it contains substantial evidence to support the trial court’s determination that the injury was job related and that proper notice was given the employer.
The employer also contends that the employee failed to obtain authorization for medical treatment and, thus, that the employer should not be liable for expenses related to that treatment. However, the only medical treatment the employee sought prior to attempting to report the injury on January 6,1997, was the January 3, 1997, visit to the walk-in clinic. On January 6, 1997, the walk-in clinic referred the employee to a neurosurgeon, and the employee’s appointment with the neurosurgeon was scheduled for January 13, 1997. An exception to the requirement that an employee obtain employer authorization for medical care applies when a request for authorization would be futile. Ex parte Moncrief, 627 So.2d 385 (Ala.1993). The employee had attempted to report his injury and was told that his report came too late for workers’ compensation to apply. A request for medical treatment would have been futile. Thus, the employer is not entitled to a reversal of this grounds.
*398 The employee contends that the trial court should have found him to be permanently and totally disabled as a result of his on-the-job injury because, he said, all of the evidence presented indicated that he was 100% disabled and not capable of returning to work and this evidence was uncontroverted by the employer. In its order, the trial court stated:
“3. The [employee] is awarded a sixty percent (60%) impairment rating as a result of said injury and [the employee] is awarded workmen’s compensation benefits at the rate of sixty percent (60%). The [employee’s] average weekly wage was $428.07 at the time of the accident.”
In Washington v. Tyson Foods, Inc., 659 So.2d 670, 670-71 (Ala.Civ.App.1995), this court stated:
“This court has previously held that, in order to award workmen’s compensation benefits, a trial court must determine that the employee has suffered a loss of ability to earn as a result of an on-the-job injury and that the percentage of bodily impairment cannot be the basis for awarding compensation.”
(Emphasis in original.) In Washington, 659 So.2d 670, this court reversed the trial court’s judgment and remanded the cause to the trial court for a determination of whether the employee had suffered a loss of ability to earn as a result of her on-the-job injury. Thus, we reverse that portion of the trial court’s judgment dealing with the employee’s impairment rating and remand for proceedings consistent with this opinion.
We remind the trial court that “[t]otal disability does not mean that the employee must be absolutely helpless, but means that the employee is not able to perform his or her trade and is unable to obtain other reasonably gainful employment.” Bailey v. Walker Reg’l Med. Ctr., 709 So.2d 35, 37 (Ala.Civ.App.1997) (emphasis in original).
The employee, who was an employee of the Parks and Recreation Department of the City of Gadsden at the time of his injury, had quit school in the ninth grade and was very limited in his ability to read and write. All of his previous employment had involved manual labor. After the January 2, 1997, incident, the employee had to undergo two surgeries (in January 1997 and May 1997) to repair disc problems in his lower back. The neurosurgeon who treated him testified that the employee’s impairment rating was 30%, but noted that an impairment rating and a percentage of disability from an injury are two different things. The neurosurgeon stated that it was his opinion that the employee would be unable to return to a job requiring manual labor. We note that the employee had been awarded Social Security disability benefits.
The October 1998 report prepared by Dr. Carlos Ganuza of the Northeast Orthopedic Clinic after an independent medical examination of the employee stated that the employee had reached maximum medical improvement and had a 14% impairment rating; that he was unable to engage in his previous job, even with limitations; that he was unable to engage in activities that required standing, walking, or sitting for prolonged periods of time; and that he was unable to carry or lift more than 10 pounds. Although this report stated that “[vocational assessment is a good idea since a specialist in this area may be able to find an activity that [the employee] may be able to perform,” the employer presented no evidence indicating that the employee has the ability to be gainfully employed.
While the foregoing narration states our understanding of the facts in this case, the trial judge should not take that narration *399 as an attempt to direct any certain decision on remand.
APPEAL — REVERSED AJSTD RE-MlANDED.
CROSS-APPEAL — AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.