BRYAN, Judge,
dissenting.
I respectfully dissent. As the main opinion notes, our review in this case is limited to a determination of whether the trial court’s factual findings are supported by substantial evidence. § 25-5-81(e)(2), Ala.Code 1975. Substantial evidence is “ ‘evidence of such weight- and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Viewing “the facts in the light most favorable to the findings of the trial court,” as we are required to do, Ex parte Professional Business Owners Ass’n Workers’ Compensation Fund, 867 So.2d 1099, 1102 (Ala.2003), I believe the trial court could have reasonably determined that the employee injured his back in a workplace accident.
The trial court specifically found the employee and his wife, Rhonda, to be credible witnesses. “(I]t is well established that the trial court is in the best position to observe the demeanor and credibility of the employee and other witnesses in a workers’ compensation case.” Mayfield Trucking Co. v. Napier, 724 So.2d 22, 25 (Ala.Civ.App.1998). Accepting the employee’s version of events, the trial court could have reasonably concluded that the employee injured his back in a work-related accident. Unlike the main opinion, I believe that the trial court could have found the employee’s version of events to be plausible. The main opinion emphasizes evidence indicating that the employee had been experiencing back pain before the alleged accident of December 17, 2009. The employee has degenerative disk disease in his lower back, and he also sustained a herniated disk in his lower back. It is conceivable that the employee could have been experiencing lower-back pain caused by degenerative disk disease before December 17, 2009; that he sustained a herniated disk in his lower back in a workplace accident on December 17, 2009; that he failed to immediately grasp that he had *901 sustained a new, separate injury; that he consequently failed to emphasize that at least part of his back pain may be work related when seeking medical treatment immediately after the accident; and, consequently, that the medical personnel failed to document a possible work-related injury. It is possible that the medical personnel simply did not transcribe the employee’s complaints properly.
I believe this case is distinguishable from the three cases that the main opinion relies on, Jackson Landscaping, Inc. v. Hooks, 844 So.2d 1267 (Ala.Civ.App.2002), Ex parte Southern Energy Homes, Inc., 873 So.2d 1116 (Ala.2003), and G.UB.MK. Constructors v. Davis, 45 So.3d 1277 (Ala.Civ.App.2010). In those cases, there was a lengthy period between the alleged work-related accident and any documentation alleging that there was a work-related accident. Based on that fact alone, in each of the three cases relied on by the main opinion, the injured employee’s version of events was clearly dubious. In this case, only four days elapsed between the alleged work-related accident and documentation indicating an allegation of a work-related accident. As I have outlined above, I believe that the employee presented a plausible account of events to the trial court at trial.
This is a very close ease. The trial court could have reasonably decided the case in either party’s favor. However, the trial court ruled in favor of the employee, and, based on this court’s deferential standard of review, I would affirm the trial court’s judgment.
THOMPSON, P.J., concurs.